MANNY *et al.*, Plaintiffs in Error, v. LOGAN, ASSIGNEE, Defendant in Error.

1. The term "voluntary," as applied to conveyances within the act concerning voluntary assignments (R. C. 1852, p. 202), means *voluntary* as opposed to *compulsory;* a conveyance to a creditor in trust for himself as well as the other creditors of the assignor is a voluntary assignment within the meaning of said act.

*Error to Marion Circuit Court.*

On the 30th of January, 1858, one Samuel W. Riggs, being largely indebted, executed a deed of trust of certain described real and personal property to one Logan as trustee. Certain debts of said Riggs to various parties, among others to Logan, the trustee, were recited in this deed, and the trustee was directed therein to pay said debts in their order, and when all said specified debts were paid to hold the residue of the proceeds for the benefit of all the creditors of the assignor, to be apportioned *pro rata* among them. The present proceeding is an application, under section 26 of the act concerning voluntary assignments, on behalf of certain creditors of said Riggs, for a citation directed to said assignee to appear and show cause why he should not file an inventory and give bond, &c., or be dismissed from his trust. A citation issued. The assignee answered admitting his acceptance of

the trust and that he had not filed an inventory, but denied that he was bound to do so. The court dismissed the proceeding on the ground that the conveyance was not a *voluntary* assignment within the meaning of the act concerning voluntary assignments, and refused to require Logan to file an inventory. The plaintiffs were not named as creditors in the assignment.

*Dryden, Lipscomb* and *Porter & Harrison,* for plaintiffs in error.

I. The deed from Riggs to Logan was a " voluntary assignment" in the sense of the first section of the act concerning voluntary assignments. (See Burrill on Assign. 5 ; 10 Paige, 461 ; 3 Sumn. 345 ; 26 Mo. 322.)

*Pratt* and *McCabe,* for defendant in error.

I. This was not an assignment for the benefit of creditors in the general. The creditors whose debts are secured by it are those named in the deed. The plaintiffs in the present proceedings are not named therein. It was not a *voluntary* assignment within the act concerning voluntary assignments. Logan was a creditor and his debt was secured.

NAPTON, Judge, delivered the opinion of the court.

This was an application by the plaintiffs, claiming to be creditors of one Riggs—who had assigned his goods and lands to Logan for the benefit of certain creditors named, and afterwards for the benefit of creditors generally—to compel the trustee Logan to proceed under our statute, file his inventory, give bond, &c. The claim was resisted on the ground that the assignment was *for value,* and not therefore a voluntary one under our statute, and that Logan, the assignee, was one of the creditors.

The assignment is unquestionably within the provisions of our statute. It is for the benefit of all the assignor's creditors, though an attempt is made to classify and give preferences to some. All assignments of this character which have

any validity as against creditors not named, if there are any such, must be founded on a valuable consideration; but if the creditors named are *bona fide*, that is sufficient to support the instrument. (19 Mo. 17.) Whatever may be the proper meaning of the term *voluntary* used in our statute, it certainly was not intended to exclude from the operation of the law all assignments which were founded on a valuable consideration. The term is probably borrowed from the English books, where assignments in bankruptcy were sometimes created by operation of the law. The fact that Logan, the trustee, is a creditor does not take the assignment out of the statute. The only effect it could have would be to authorize the court to appoint another trustee. The other judges concurring, judgment reversed and cause remanded.

SCOTT, Judge. I concur in reversing the judgment. The term "voluntary" is applied to assignments to distinguish them from such as are made by the compulsion of the law, as under statutes of bankruptcy and insolvency, or by order of some competent court. (*Burrill on Assignments, 5.*)